**No. 26-90021**

---

# In the United States Court of Appeals for the Eleventh Circuit

---

PATRICK HALEY, RANDAL REEP, and BENJAMIN BEST,
individually and on behalf of themselves and all others similarly situated,
*Plaintiffs-Respondents,*

v.

DELTA AIR LINES, INC.,
*Defendant-Petitioner*.

---

On Petition for Permission to Appeal from the
United States District Court for the Northern District of Georgia

---

**OPPOSITION TO PETITION FOR PERMISSION TO APPEAL PURSUANT TO FED. R. OF CIV. P. 23(f) FROM ORDER GRANTING CLASS CERTIFICATION**

---

R. JOSEPH BARTON
THE BARTON FIRM LLP
1633 CONNECTICUT AVE. NW
SUITE 200
WASHINGTON, DC 20009
(202) 734-5458
jbarton@thebartonfirm.com

*Counsel for Plaintiffs-Respondents*

September 3, 2026

## CERTIFICATE OF INTERESTED PERSONS

Eleventh Circuit Rule 26.1-1 states that the certificate of interested persons contained in an answer to a petition must include only persons and entities that were omitted from the certificate contained in the petition. Class Counsel hereby identify the following additional persons:

1. Block & Leviton LLP
2. A. Joseph Coomes
3. Law Offices of Charles M. Billy, APC
4. Law Office of A. Joseph Coomes, LLC
5. Brian J. Lawler
6. Pilot Law
7. Gene J. Stonebarger
8. Stonebarger Law
9. All pilots currently employed by Delta who are also currently members of the U.S. Armed Forces.
10. All current and former pilots who work or worked for Delta in the United States or its territories or possessions who took a military leave of 30 consecutive days or fewer from their employment with Delta as a pilot since April 30, 2007.

With these additions, Class Counsel hereby certify that the certificate of interested persons contained in the defendant's petition is complete to the best of their knowledge.

R. Joseph Barton

## TABLE OF CONTENTS


BACKGROUND ..........2

I. The Uniformed Services Employment and Reemployment Rights Act ..........2

II. Undisputed Facts ..........3

III. Relevant Procedural History ..........3

ARGUMENT ..........5

I. Delta Does Not Suggest That Class Certification Is a "Death Knell." ..........5

II. Delta Has Not Identified Any Unsettled Legal Issue on Rule 23 That Will Likely Escape Appellate Review. ..........7

III. The District Court Expressly Recognized That It May Revisit or Revise Its Decision Depending on Subsequent Discovery in the Case. ..........8

IV. Delta Ignores That the Court Limited Discovery at Delta's Request. ..........9

V. Delta's Arguments Do Not Identify any "Substantial Weaknesses" in the District Court Decision As Required By This Court's Precedent ..........10

 A. Delta Identifies No Substantial Weakness In Certifying the Injunction Class Under Rule 23(b)(2). ..........10

 B. The District Court Correctly Found Common Questions. ..........11

 C. The District Court Correctly Found That Plaintiff Best's Claim is Typical of the Claims of the Classes. ..........13

 D. There is No Substantial Weakness in the Court's Predominance Analysis for the Damages Class. ..........14

  1. The Comparability Factors Will Be Shown by Common Predominating Evidence. ..........15

  2. The District Court Correctly Resolved Issues About Proof Whether Pilots Provided Advance Notice of Military Leave. ..........18

3. This is Not the Rare Case Where Damage Calculations Causes Individual Issues to Predominate.................................19

E. There Are No Insurmountable Manageability Issues in Identifying Absence to Perform Military Service...............................20

CONCLUSION.........................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. United Parcel Serv., Inc.*,
No. 2:21-cv-0114-TOR, 2023 WL 4355333 (E.D. Wash. July 5, 2023) .......... 12

*Blair v. Equifax Check Servs., Inc.*,
181 F.3d 832 (7th Cir. 1999) .......... 6

*Braggs v. Dunn*,
No. 2:14cv601-MHT, 2017 WL 426875 (M.D. Ala. Jan. 31, 2017) .......... 21

*Briseno v. ConAgra Foods, Inc.*,
844 F.3d 1121 (9th Cir. 2017) .......... 18

*Carriuolo v. Gen. Motors Co.*,
823 F.3d 977 (11th Cir. 2016) .......... 11

*Cherry v. Dometic Corp.*,
986 F.3d 1296 (11th Cir. 2021) .......... 21

*CIGNA Corp. v. Amara*,
563 U.S. 421 (2011) .......... 11

*Clarkson v. Alaska Airlines, Inc.*,
59 F.4th 424 (9th Cir. 2023) .......... 8

*Clarkson v. Alaska Airlines Inc.*,
No. 2:19-cv-0005-TOR, 2020 WL 4495278 (E.D. Wash. Aug. 4, 2020) .......... 12

*Clarkson v. Alaska Airlines, Inc.*,
No. 2:19-cv-0005-TOR, 2025 WL 243024 (E.D. Wash. Jan. 15, 2025) .......... 7, 19

*Costello v. BeavEx, Inc.*,
810 F.3d 1045 (7th Cir. 2016) .......... 17

*Cox v. Am. Cast Iron Pipe Co.*,
784 F.2d 1546 (11th Cir. 1986) .......................................................................13

*De Leon-Granados v. Eller & Sons Tree, Inc.*,
497 F.3d 1214 (11th Cir. 2007) .........................................................................8

*Franze v. Equitable Assurance*,
296 F.3d 1250 (11th Cir. 2002) .........................................................................2

*Green-Cooper v. Brinker Int'l, Inc.*,
73 F.4th 883 (11th Cir. 2023) ....................................................................19, 20

*Huntsman v. Sw. Airlines Co.*,
No. 19-cv-00083-PJH, 2021 WL 391300 (N.D. Cal. Feb. 3, 2021) ...........12, 19

*Klay v. Humana*,
382 F.3d 1241 (11th Cir. 2004) .......................................................................19

*In re Lorazepam & Clorazepate Antitrust Litig.*,
289 F.3d 98 (D.C. Cir. 2002)..............................................................................6

*Myrick v. City of Hoover*,
69 F.4th 1309 (11th Cir. 2023) ...................................................................*passim*

*Myrick v. City of Hoover*,
No. 2:19-cv-01728-MHH, 2022 WL 892914 (N.D. Ala. Mar. 25, 2022), *aff'd*, 69 F.4th 1309 (11th Cir. 2023) ....................................................17

*Prado-Steiman v. Bush*,
221 F.3d 1266 (11th Cir. 2000) ..................................................................*passim*

*Scanlan v. Am. Airlines Grp., Inc.*,
102 F.4th 164 (3d Cir. 2024) ......................................................................8, 17

*Scanlan v. American Airlines Group, Inc.*,
795 F.Supp.3d 665 (E.D. Pa. 2025).................................................................16

*Scott v. Dart*,
99 F.4th 1076 (7th Cir. 2024) ...........................................................12, 13, 18, 19

*Shin v. Cobb Cnty. Bd. of Educ.*,
248 F.3d 1061 (11th Cir. 2001) .........................................................................1

*United States v. Turner*,
189 F.3d 712 (8th Cir. 1999) ....................21

*Vega v. T-Mobile USA, Inc.*,
564 F.3d 1256 (11th Cir. 2009) ....................8

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)....................11, 12

*Waste Mgmt. Holdings, Inc. v. Mowbray,*
208 F.3d 288 (5th Cir. 2000) ....................7

**Statutes**

USERRA §4312....................13

USERRA § 4316....................*passim*

**Other Authorities**

20 C.F.R. § 1002.85....................13, 14

20 C.F.R. § 1002.150....................15, 16

20 C.F.R. § 1002.150(b) ....................15

32 CFR 104.6(a)(2)(i)(B)....................13

Fed. R. Civ. P. 23 ....................*passim*

https://www.transtats.bts.gov/;....................6

Niraj Chokshi, *Delta and United Are Leaving Other Airlines Behind*,
N.Y. Times (Oct. 16, 2025) ....................6

Press Release, *Delta Air Lines Announces December Quarter and Full Year 2025 Finacial Results* (Jan. 13, 2026),
https://ir.delta.com/news/news-details/2026/Delta-Air-Lines-Announces-December-Quarter-and-Full-Year-2025-Financial-Results/default.aspx ....................6

## OPPOSITION TO PETITION FOR PERMISSION TO APPEAL PURSUANT TO FED. R. OF CIV. P. 23(f)

---

Interlocutory appeals under Rule 23(f) are "inherently disruptive, time-consuming, and expensive" and are "generally disfavored." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000). This Court applies "restraint in accepting Rule 23(f) petitions," and grants them upon a showing of a "compelling need for resolution of the legal issue sooner rather than later." *Id.* at 1274. To discourage the "flood of Rule 23(f) petitions," this Court "should err, if at all, on the side of allowing the district court an opportunity to fine-tune its class certification order rather than opening the door too widely to interlocutory appellate review." *Id.* Interlocutory "review of a class certification order should be an avenue of last resort." *Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001).

The petition here comes nowhere close to demonstrating a "compelling need" for review. Employing a scattershot approach, Delta sets out a list of complaints, all of which were thoroughly addressed by the district court. Of the five factors to evaluate whether to accept an interlocutory appeal of a class certification decision, Delta addresses just one – claiming that the district court erred. Its petition reads more like an opening appellate brief rather than explaining why it is necessary to depart from the final-judgment rule and accept this appeal now. The district court's 94-page decision thoroughly address all of the elements of Rule 23 and Delta's

arguments, and no reasons justify an immediate appeal. Delta does not even suggest that class certification will sound its corporate death knell. Delta's vague suggestion about an unsettled issue concerns USERRA, not Rule 23, which this Court cannot resolve on a Rule 23(f) appeal limited to class certification issues. *Franze v. Equitable Assurance*, 296 F.3d 1250, 1252 (11th Cir. 2002). Nor will these issues escape judicial review after a final judgment. Additionally, as discovery was specifically limited prior to the class decision, the district court has expressly stated that it may revisit some of these issues as the litigation progresses. Finally, the thrust of Delta's criticisms apply to the Damages Class and not the Injunction Class, so a Rule 23(f) appeal will not avoid the necessity of ongoing class-action litigation in the district court. Given that procedural posture, the better course is to await a final judgment.

## BACKGROUND

### I. The Uniformed Services Employment and Reemployment Rights Act

The Uniformed Services Employment and Reemployment Rights Act ("USERRA") provides that employees on military leave are "entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence." 38 U.S.C. § 4316(b)(1). USERRA § 4316(b) involves "a two-step process for determining which benefits are available to

employees on military leave." *Myrick v. City of Hoover,* 69 F.4th 1309, 1314 (11th Cir. 2023). First, the servicemember must identify employees "having similar seniority, status, and pay who are on ... leave of absence[.]" *Id.* (quoting 38 U.S.C. § 4316(b)(1)(B)). "Second, the military employee must prove that those employees took a form of non-military leave that is comparable to military leave" (i.e. a comparator leave). *Id.* at 1315 (citing 20 C.F.R. § 1002.150(b)).

## II. Undisputed Facts

Benjamin Best is a pilot for both Delta Air Lines ("Delta") and the Michigan Air National Guard. During his employment with Delta, he has taken short-term military leave of 30 days or fewer to perform his military duties for the Guard. Since at least 2007, Delta has provided paid leave for other forms of leave, but not military leave under the terms of the pilot working agreements ("PWAs") or collective bargaining agreements ("CBAs").

## III. Relevant Procedural History

The district court limited certain discovery, including production of: "[t]he number of days or hours (as applicable) of work lost or dropped by the employee due to taking military leave" and "[t]he amount of earnings the employee would have earned for work that was scheduled to be performed by the employee during the period of military leave but was not performed by the employee due to military leave" ECF 97 at 9. Plaintiffs sought this information to formulate "a damages model

relevant to Rule 23(a)'s commonality requirement and Rule 23(b)'s predominance requirement" but Delta argued that "the information [wa]s not relevant at the pre-certification stage." *Id.*

Plaintiffs also sought information about class members to "issue subpoenas to the Department of Defense ("DOD") and Department Homeland Security ("DHS") to obtain information regarding class members' military leaves" because Plaintiffs expected Delta to challenge whether its data would be insufficient to establish the "dates of military [service]" and "DOD data will also provide evidence of employees' military pay, which is relevant to the calculation of class-wide damages." *Id.* at 10-11. The Court denied those requests and clarified that additional discovery would be available only after the class was certified. *Id.* at 10-11; ECF 91. Based on the allowed discovery, Plaintiff Best sought class certification on behalf of two classes of current and former Delta pilots: the Damages Class and the Injunction Class. At Delta's request, the district court held two days of evidentiary hearings.

In a 94-page decision, the district court addressed all the arguments on class certification and certified both classes. The court found each of the Rule 23(a) prerequisites were met. Using Delta's data, Plaintiffs identified 3,361 pilots in the Damages Class who took short-term military leave during the Class Period and at least 669 Delta pilots *currently* serving in the military. ECF 191 at 27. The single class claim challenges an undisputedly uniform policy by Delta that refuses to

provide paid leave for short-term military leave while providing a variety of other comparable leaves as violating USERRA § 4316(b). The subsidiary common questions are whether paid leave is a right or benefit under USERRA § 4316(b) and whether short-term military leave is "comparable" to other forms of paid leave. *Id.* at 27-30. The claims of Best, who undisputedly took short-term military leave and is a current pilot for Delta and the military, were typical of the claims of both Classes. *Id.* at 30-36. The court found that Best and his counsel would adequately represent the Classes. *Id.* at 36-41.

The district court certified the Injunction Class which sought final injunctive relief. *Id.* at 46, 54. The district court certified the Damages Class after reviewing the comparability factors and finding the predominance requirement was met. *Id.* at 55-74. The district court found that the Damage Class to be "superior to individual actions" and rejected Delta's arguments that proof that pilots took leave to perform military service presented a manageability issue. *Id.* at 94.

## ARGUMENT

### I. Delta Does Not Suggest That Class Certification Is a "Death Knell."

Delta ignores the "[f]irst and most important" factor in determining whether to accept a Rule 23(f) petition – "whether the district court's ruling is likely dispositive of the litigation by creating a 'death knell.'" *Prado-Steiman*, 221 F.3d at 1274. For a defendant, a death-knell is "limited to those cases where the district

court's ruling, as a practical matter, effectively prevents the petitioner from pursuing the litigation," as when a defendant rationally "feel[s] irresistible pressure to settle." *Id*. Only a "small" number of decisions "truly warrant[] immediate review on this basis." *Id.* To show that an appeal is warranted, the petitioner must offer proof about "the size of the putative class and any *record evidence* regarding [its] financial resources." *Id.* at 1274. An appeal is inappropriate where "[the petitioner] makes no showing that it will be unduly pressured to settle because of the class's certification." *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 108 (D.C. Cir. 2002) (rejecting appeal where petitioner "failed to submit any [such] evidence"); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834 (7th Cir. 1999) (same).

Delta provides no information about its net worth, profits, or potential liability. Delta does not claim that it faces pressure to settle, and suggests that this case *will be* litigated to final judgment. Pet. at 11. The reason for this is obvious. Delta is, by any measure, one of the largest airlines in the country and has been for several years, the *most profitable airline company*.[1] Last year, Delta had more than $6.2 billion in annual profits.[2] While the district court – at Delta's request – limited

---

[1] https://www.transtats.bts.gov/; Niraj Chokshi, *Delta and United Are Leaving Other Airlines Behind*, N.Y. Times (Oct. 16, 2025).

[2] Press Release, *Delta Air Lines Announces December Quarter and Full Year 2025 Finacial Results*, (Jan. 13, 2026), https://ir.delta.com/news/news-details/2026/Delta-Air-Lines-Announces-December-Quarter-and-Full-Year-2025-Financial-Results/default.aspx.

discovery so that Plaintiffs are unable to provide an estimate of Delta's potential liability, a class action on behalf of airline pilots at another airline alleging a similar claim illustrates that Delta's maximum liability here will be less than 1% of its annual profits. *See Clarkson v. Alaska Airlines, Inc.*, No. 2:19-cv-0005-TOR, 2025 WL 243024, at *6 (E.D. Wash. Jan. 15, 2025). This factor alone counsels in favor of a denial.

## II. Delta Has Not Identified Any Unsettled Legal Issue on Rule 23 That Will Likely Escape Appellate Review.

This court also "should consider whether the appeal will permit the resolution of an unsettled legal issue that is important to the particular litigation as well as important in itself." *Prado-Steiman*, 221 F.3d at 1275 (internal quotation marks omitted). The unsettled legal issue should "relate[] specifically to the requirements of Rule 23 or the mechanics of certifying a class" and should be one that is "likely to escape effective review if left hanging until the end of the case." *Id.* (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray,* 208 F.3d 288, 294 (5th Cir. 2000)). "[A] creative lawyer almost always will be able to argue that deciding her case would clarify some 'fundamental' issue. But interlocutory appeals should be the exception, not the rule." *Mowbray,* 208 F.3d at 294 (denying Rule 23(f) petition). Similarly, when the issue "turns on case-specific matters of fact and district court discretion," it "will not be appropriate for interlocutory review." *Prado-Steiman*, 221 F.3d at 1275–76.

There is no such legal issue here. Delta vaguely suggests some unsettled legal issue relating to "novel questions regarding USERRA," not Rule 23. Pet. at 10. The history of similar actions under USERRA § 4316(b) illustrate that any "novel USERRA questions" will not "escape effective review." In addition to *Myrick*, two other Circuits have addressed the evidence to be considered under USERRA § 4316(b) in two certified class actions that proceeded to the merits after full discovery. *Scanlan v. Am. Airlines Grp., Inc.*, 102 F.4th 164 (3d Cir. 2024) (reversing summary judgment for defendants regarding failure to provide paid short-term military leave); *Clarkson v. Alaska Airlines, Inc.,* 59 F.4th 424, 428 (9th Cir. 2023) (same).

This Court would lack jurisdiction to resolve a USERRA merits issue on a Rule 23(f) appeal. *De Leon-Granados v. Eller & Sons Tree, Inc.*, 497 F.3d 1214, 1218 n.1 (11th Cir. 2007) ("The jurisdiction granted by Rule 23(f) does not extend to this [ruling]" on a question separate from class certification); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009) (same). Thus, this factor does not favor interlocutory review.

## III. The District Court Expressly Recognized That It May Revisit or Revise Its Decision Depending on Subsequent Discovery in the Case.

This "court should consider the likelihood that future events may make immediate appellate review more or less appropriate." *Prado-Steiman*, 221 F.3d at 1276. It is "significant" when "the district court itself has indicated that it views its

class certification decision as conditional or subject to revision at a later stage in the case." *Id.* Contrary to Delta's criticisms, because "class certification determinations are so fluid and fact-sensitive[,] … district courts should be encouraged rather than discouraged from reassessing whether the prerequisites of Rule 23 exist." *Id.* at 1273-74. Granting an appeal from a preliminary determination, "undermine[s] the district court's ability to manage the action" and turns Rule 23(f) into "a vehicle for courts of appeals to micro-manage complex class action litigation." *Id.* at 1273, 1276. It is unwise to review a "fluid and fact-sensitive" class-certification order—that is 94-pages long—when the issues "may be rendered moot" by subsequent developments. *Id.* The district court acknowledged that it may revisit and revise certification as necessary based on subsequent developments. ECF 191 at 87-88, 93. This factor weighs against granting the petition.

## IV. Delta Ignores That the Court Limited Discovery at Delta's Request.

Relatedly, this "court should consider the nature and status of the litigation before the district court." *Prado-Steiman*, 221 F.3d at 1276. Many of the issues raised by Delta involve how data about class members' military service will impact the proof. *See* Pet at 22-24 (referencing PCARS data). The district court decided that data would be provided only after class certification. ECF 97 at 10. Thus, this suggest an appeal now would be premature.

## V. Delta's Arguments Do Not Identify any "Substantial Weaknesses" in the District Court Decision As Required By This Court's Precedent

The final factor is "whether the petitioner has shown a *substantial* weakness in the class certification decision, such that the decision likely constitutes an abuse of discretion." *Prado-Steiman*, 221 F.3d at 1274 (emphasis in original). That requires showing that this Court will "inevitably reverse[]" the district court—for example, "when the district court expressly applies the incorrect Rule 23 standard or overlooks directly controlling precedent." *Id.* at 1274-75. But "merely demonstrating that the district court's ruling is questionable generally will be insufficient to support a Rule 23(f) petition." *Id.* While Delta disagrees with several issues resolved by the district court, none justify an interlocutory appeal.

### A. Delta Identifies No Substantial Weakness In Certifying the Injunction Class Under Rule 23(b)(2).

Delta's arguments largely do not address certification of the Injunction Class. While Delta adresses some of its arguments in the guise of commonality or typicality, those arguments really address issues under Rule 23(b)(3), not Rule 23(b)(2). *Compare* Pet. at 26 *with infra* V.B & V.C. Delta's arguments about certification of the Injunction Class under Rule 23(b)(2) are confined to one page in which it argues that the relief sought constitutes "individualized money claims." Pet. at 27.

The Court certified an Injunction Class of "[a]ll pilots currently employed by Delta who are also currently members of the U.S. Armed Forces." ECF 191 at 95. This Class "does not seek retrospective damages, but rather a single injunction that would alter Delta's uniform leave policy to prevent future injury." *Id.* at 54.

Delta asserts that because the injunction may require Delta to provide paid military leave going forward, Rule 23(b)(2) does not apply. Pet. at 27. Delta's faulty syllogism is that an injunction that may require a defendant to pay amounts in future necessarily constitute "individualized money claims." *Id*. "[T]he fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief." *CIGNA Corp. v. Amara,* 563 U.S. 421, 441 (2011). Nor would the claims require any "individualized determinations" by the court, which is what the Supreme Court found unsuitable for a Rule 23(b)(2) class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 366 (2011). Rather, this Class "seek an injunction that would change Delta's uniform leave policy to comply with USERRA" from one that refuses to provide paid short-term military leave to one in which short-term leaves are eligible to be paid. ECF 191 at 50. Delta cites nothing to suggest the district court's reasoning that reveals a substantial weakness.

### B. The District Court Correctly Found Common Questions.

Commonality is met if there is "even a single common question" that is "capable of classwide resolution—which means that determination of its truth or

falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016) (quoting *Wal-Mart,* 564 U.S. at 350 (quotations omitted)). A "uniform employment practice" or policy can "provide the commonality needed for" Rule 23(a)(2). *Wal-Mart*, 564 U.S. at 355. Commonality exists where "plaintiffs have taken aim at a specific policy … that applies equally to all class members, and the plaintiffs have offered evidence to show that the challenged policy causes systemic [impact] across the entire class." *Scott v. Dart,* 99 F.4th 1076, 1091 (7th Cir. 2024) (reversing denial of certification). Delta does not "dispute—that [it] maintained a *uniform policy* of not providing paid leave to its pilots for STML, while providing compensation for other types of leave." ECF 191 at 28.

The district court also found that "the comparability of STML to other forms of leave—based on '(1) the duration of the leave, (2) the purpose of the leave, and (3) the ability of employees to choose when to take the leave'"—will be an issue capable of common resolution. ECF 191 at 29-30. Delta insists that this is not enough. Pet. at 11-12. But at least three other district courts have found that comparability under USERRA § 4316(b) presents a common question that predominates for similar claims (including two certifying classes of airline pilots). *Baker v. United Parcel Serv., Inc.*, No. 2:21-cv-0114-TOR, 2023 WL 4355333, at *5 (E.D. Wash. July 5, 2023); *Huntsman v. Sw. Airlines Co.*, No. 19-cv-00083-

PJH, 2021 WL 391300, at *13 (N.D. Cal. Feb. 3, 2021); *Clarkson v. Alaska Airlines Inc.*, No. 2:19-cv-0005-TOR, 2020 WL 4495278, at *6 (E.D. Wash. Aug. 4, 2020). Delta forgets that "the common question presented need not resolve *every* issue in the case" and that commonality exists even when "each class member eventually will have to present individualized evidence to show that the harm she suffered was causally related to the" policy challenged. *Scott*, 99 F.4th at 1091; *see Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986). The district court's decision is consistent with well-established law and decisions in similar cases.

### C. The District Court Correctly Found That Plaintiff Best's Claim is Typical of the Claims of the Classes.

Delta argues that Best's claims are atypical because he purportedly did not provide notice of his "military leaves *well in advance*." Pet. at 20. But USERRA only requires a servicemember to provide some "advance written or verbal notice" of his service to his employer to be entitled to "rights and benefits" under USERRA. 38 U.S.C. §4312(a)(1); 20 C.F.R. § 1002.85 (explaining that USERRA "does not specify how far in advance notice must be given to the employer"). Delta does not identify any leave for which Mr. Best failed to provide advance notice. ECF 171 at 3-4. More importantly, Delta never suggested that Mr. Best had *no* USERRA protected leaves. *Id.* If he (or any class member) failed to provide advance notice for some leaves, those leaves would not be eligible to be paid. *Id.*

Delta primarily relies on a now-rescinded DOD regulation, 32 CFR 104.6(a)(2)(i)(B), which "recommend[ed] that advance notice to civilian employers be provided at least 30 days prior to departure for uniformed service when it is feasible to do so," and a Department of Labor regulation, 20 C.F.R. § 1002.85, that recommends, but does not require, providing "notice as far in advance as is reasonable under the circumstances." *See* Pet. at 20-21. As USERRA does not require servicemembers to provide advance notice of any particular length, the court correctly held that Plaintiff "need not demonstrate that [class members] provided notice of a particular or 'sufficient' length." ECF 191 at 75. Thus, there is no substantial weakness in the district court's decision on this issue.

### D. There is No Substantial Weakness in the Court's Predominance Analysis for the Damages Class.

After devoting 40 pages discussing predominance, the evidence to prove a claim under USERRA § 4316(b) and the various arguments and factual record, the district court found Rule 23(b)(3) was met and certified the Damages Class:

> All current and former pilots who work or worked for Delta Air Lines, Inc. ("Delta") in the United States or its territories or possessions who took short-term military leave (i.e., a military leave of 30 consecutive days or fewer) from their employment from Delta as a pilot from April 30, 2007 to the date of judgment in this action, as reflected by Delta's military leave data[.]

ECF 191 at 95. Delta does not suggest that "the district court expressly applie[d] the incorrect Rule 23 standard or overlooks directly controlling precedent." *Prado-*

*Steiman*, 221 F.3d at 1275. To the contrary, the district court addressed all of the arguments that Delta raises now, as well as controlling precedent under Rule 23 and repeatedly addresses *Myrick*. The district court's exhaustive opinion is the antithesis of an abuse of discretion, and certainly not one for which reversal is "inevitabl[e]." *Id.* at 1273.

### 1. The Comparability Factors Will Be Shown by Common Predominating Evidence.

Delta mischaracterizes the district court's thorough analysis of the three factors outlined in the DOL Regulation, 20 C.F.R. § 1002.150(b), which inform "[the] comparison between leaves: (1) the duration of the leave, (2) the purpose of the leave, and (3) the ability of employees to choose when to take the leave." *Myrick*, 69 F.4th at 1319. The district court thoroughly analyzed these factors and considered and rejected each of Delta's arguments.

***Duration.*** The regulation provides that "[i]n order to determine whether any two types of leave are comparable, the duration of the leave may be the most significant factor to compare." 20 C.F.R. § 1002.150. In this Circuit, "the longest instances of [comparator] leave … set the upper strata of paid [comparator] leave' to be used to compare to military leave. *Myrick,* 69 F.4th at 1320. As a result, the district court sensibly concluded that "[t]he duration element of comparability" was "straightforward" because "a 5-day period of STML is comparable to a 5-day period of bereavement leave" and "in terms of duration, a 14-day period of jury

duty leave is comparable to a 14-day period STML." ECF 191 at 59. While Delta argues that this is somehow trial-by-formula, it cites a district court decision from another circuit that did not analyze comparability of duration using the longest comparable leave. Pet. at 13. Delta also argues that it must assess whether the leaves were part of a longer military service obligation. *Id.* But that is simple side-by-side comparison because this Court has found that when an employee is "absent for active-duty service in the United States military for a continuous, uninterrupted period of service, [then] his leave is best viewed as a single period." *Myrick,* 69 F.4th at 1320 n.7. Thus, this factor will be resolved by common evidence.

***Purpose:*** Delta has never "dispute[d] that comparability with respect to the purpose of leave is capable of determination using classwide proof." ECF 191 at 64. Delta's own witness conceded that. ECF 183-1 (citing Zawislak deposition).

***Control*:** This factor accounts for an employee's ability to choose when to take the leave. § 1002.150(c). *Myrick,* 69 F.4th at 1319. The *Myrick* court found that "[m]ilitary employees do not control when they will be summoned for active-duty service." *Id.* Delta insists that each instance of military leave must be analyzed separately in terms of control. Pet. at 15.[3] The district court rejected that

[3] Delta relies on a decision decertifying the class in *Scanlan v. American Airlines Group, Inc.*, 795 F.Supp.3d 665 (E.D. Pa. 2025), but the brief decertification decision there was based on evidence not present here (and that was developed only after its initial class-certification decision), and it did not address *Myrick.*

argument based on the text of USERRA § 4316(b), which provides "rights and benefits *as are generally provided* by the employer" and decisions that "endorsed a generalized comparison between different forms of leave, at least with respect to the control factor, rather than a specific instance-by-instance inquiry." ECF 191 at 73-74 (citing *Scanlan*, 102 F.4th at 171 and *Clarkson*, 59 F.4th at 439).

Even if one of these factors could not be proved by common evidence, where a plaintiff has two methods to prove liability on a class-wide basis, one of which would be based on common evidence and the other based on individualized evidence, commonality and predominance exist because a plaintiff need only show that "they *can* win their case based on evidence common to the class." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1060 (7th Cir. 2016) (reversing denial of class certification). As *Myrick* illustrates, that is the case here. In *Myrick*, the district court found for the plaintiffs under USERRA § 4316(b) despite concluding that only "the purpose and control factors favor[ed plaintiffs], and the duration factor favor[ed] defendant." *Myrick v. City of Hoover*, No. 2:19-cv-01728-MHH, 2022 WL 892914, *10 (N.D. Ala. Mar. 25, 2022), *aff'd*, 69 F.4th 1309 (11th Cir. 2023). As the Third Circuit explained, "[t]he jury must decide how to weigh the comparability factors, including whether any factor offsets another." *Scanlan.,* 102 F.4th at 171 n.7. Because plaintiff can prove one or more of the comparability

factors based on common evidence, the district court did not abuse its discretion in finding that Rule 23(b)(3) is met.

### 2. The District Court Correctly Resolved Issues About Proof Whether Pilots Provided Advance Notice of Military Leave.

Delta does not dispute that its data shows when pilots provided notice of military leave since 2017 and "whether advance notice was provided to Delta can be resolved with reference to that data." ECF 191 at 73 Delta asserts only that there is no data about when notice was provided for leaves before 2017. Pet. at 21. But Delta has records of when military leave was actually entered by Delta's crew resources team on a pilot's schedule back to 2011. ECF 138 at 56:6-24; 76:21-77:2. If the date when Delta recorded being notified of the leave precedes the leave, the date on which the leave is recorded will show that Delta was provided with advance notice of the military service (even if the actual notice date is not shown or known). Thus, this issue will be addressed by common evidence.

Delta also criticizes the district court's suggestion that servicemembers could submit declarations about notice of military leave. Pet. at 20. But "[i]t is routine in class actions to have a final phase in which individualized proof [is] submitted." *Scott*, 99 F.4th at 1091; *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1132 (9th Cir. 2017) (finding that class members can submit affidavits). Two examples illustrate that class certification is appropriate despite individual issues: one where "a later portion of the suit would require assessing damages for each

class member on an individualized basis," and another where "separate trials may be necessary to determine which class members were actually adversely affected." *Scott* 99 F.4th at 1091. The district court's suggestion is consistent with these principles.

### 3. This is Not the Rare Case Where Damage Calculations Causes Individual Issues to Predominate.

Delta repeats its argument that Plaintiff has not presented any methodology to calculate damages on a class-wide basis, and also that it is impossible to do so for these claims. The latter argument posits that individualized damages issues predominate, but such an argument "rarely, if ever" prevents class certification. *Klay v. Humana*, 382 F.3d 1241, 1260 (11th Cir. 2004) (noting that cases in which individualized damages assessments preclude class certification "rarely, if ever, come along."). Individualized damages issues only predominate if "computing them will be so complex, fact-specific, and difficult that the burden on the court system would be simply intolerable" or if "significant individualized questions go[ ] to liability." *Green-Cooper v. Brinker Int'l, Inc.,* 73 F.4th 883, 893 (11th Cir. 2023) (affirming Rule 23(b)(3) certification after rejecting similar argument). The argument that damage calculations cannot be made on a class-wide basis was rejected by another court certifying similar claims on behalf of pilots. *Huntsman*, 2021 WL 391300 at *13; *see Clarkson*, 2025 WL 243024, at *6 (approving classwide settlement of USERRA § 4316(b) claim of pilots based on damages

calculated by "Class Counsel's expert"). Delta's expert conceded that service records from the DOD (which Plaintiff has been precluded from seeking) would allow a comparison of service and calculation of damages. ECF 118 at 23-24.

Delta asserts that "Plaintiffs admit that they have not offered a damage model at all." Pet. at 25. That is wrong. ECF 183-1; ECF 191. Contrary to Delta's unsupported concept of a damage model, Plaintiffs must show at certification "that a reliable damages methodology exist[s]," but not "the actual damages [that] [P]laintiffs sustained." *Green-Cooper*, 73 F.4th at 893. After discussing Plaintiff's damages methodology, the court correctly concluded: "Essentially, [Plaintiff's expert] Dr. Cavazos sets forth a damages model that mirrors the methods that Delta uses to calculate compensation for the allegedly comparable forms of leave—jury (legal) duty leave, bereavement leave, and sick leave." ECF 191 at 81. Delta criticizes Dr. Cavazos' ability to address specific hypotheticals at deposition, but ignores that this requires analysis of data that will not be produced until after class certification. ECF 97 at 9-11. Thus, the district court correctly concluded that Plaintiffs presented a sufficient "damages model [that] matches the theory of liability." ECF 191 at 81.

### E. There Are No Insurmountable Manageability Issues in Identifying Absence to Perform Military Service.

Delta urges that proof of whether a class member's leave was for military service cannot be shown by a combination of Delta's records – identifying it as

military leave – and DOD service data. Pet. at 21-22. Delta frames this as an issue about common proof, but the district court correctly identified it as a manageability issue. ECF 191 at 92-94; *cf. Cherry v. Dometic Corp.*, 986 F.3d 1296, 1303 (11th Cir. 2021) (finding administrative feasibility is a manageability issue).

Delta asserts that the district court "acknowledged" that Delta's records cannot prove that a pilot performed military service. Pet. at 22. But the court merely found that any concern about reliability of Delta's records would be resolved by using DOD data to "verify periods of [short-term military leave]." ECF 191 at 93. Delta has never explained how "such cross-verification would be burdensome, especially given that such a process would involve a straightforward comparison of leave dates." *Id.*

Moreover, "the business-records exception to the hearsay rule not only applies to the record itself, but also to statements contained in the record, if both the recorder of the statement and the source of the statement were acting in the course of a regularly conducted business activity." *Braggs v. Dunn,* No. 2:14cv601-MHT, 2017 WL 426875, at *3 (M.D. Ala. Jan. 31, 2017) (citing *United States v. Turner*, 189 F.3d 712, 719-20 (8th Cir. 1999)). "[W]hen the source of information [e.g. an employee] and the recorder of that information [e.g. a supervisor] were acting in the regular course of the organization's business," then these records are admissible against defendant. *Turner*, 189 F.3d at 719-720. Here,

pilots are required to notify Delta about "all dates when they are performing military duties." ECF 123-3 at 175:15-19. Not only are Delta's own records sufficient evidence of short-term military leaves, but there are no manageability issues.

## CONCLUSION

The petition for permission to appeal should be denied.

September 3, 2026

Respectfully submitted,

________________________

R. Joseph Barton
THE BARTON FIRM LLP
1633 Connecticut Ave., NW
Suite 200
Washington D.C. 20009
Tel: (202) 734-7046
Email: jbarton@thebartonfirm.com

Michael J. Scimone
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel: (212) 245-1000
Email: mscimone@outtengolden.com

Jonathan E. Taylor
GUPTA WESSLER LLP
1400 16th Street NW, Suite 225
Washington, D.C. 20036
Tel: (202) 888-1741
Email: jon@guptawessler.com

Stephen J. Anderson
Georgia Bar No. 018325
KENNETH S. NUGENT, P.C.
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth GA 30096
Tel: (770) 820-0893
Email:
sanderson@attorneykennugent.com

Matthew Z. Crotty
RIVERSIDE NW LAW GROUP,
PLLC
601 W. Riverside Ave.
Ste. 810
Spokane, WA 99201
Tel: (509) 850-7011
Email: mzc@rnwlg.com

Thomas G. Jarrard
LAW OFFICE OF THOMAS G.
JARRARD
LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Email: Tjarrard@att.net

Peter Romer-Friedman
PETER ROMER-FRIEDMAN LAW
PLLC
1629 K Street, NW, Suite 300
Washington, DC 20006
Tel: (202) 355-6364
Email: peter@prf-law.com

Crystal L. Matter
MATTER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, CA 95630

Tel: 916-735-7495
Email: crystal@matterlawapc.com

Alexander Cyclone Covey
Georgia Bar No 1907417
KNEUPPER & COVEY PC
11720 Amber Park Dr
Ste 160 PMB 1271
Alpharetta, GA 30009
Tel: 678-928-6806
Fax: 855-596-3707
Email: cyclone@kneuppercovey.com

*Counsel for Plaintiffs-Respondents*

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Federal Rule of Appellate Procedure 5(c)(1) because it contains 5,191 words, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 32(f). This brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word in Times New Roman 14-point font.

____________________
R. Joseph Barton

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, I electronically filed the foregoing answer with the Clerk of the Court for the U.S. Court of Appeals for the Eleventh Circuit by using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the appellate CM/ECF system.

R. Joseph Barton